## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Franklin Federal Savings & Loan, etc.

v.

Conrad W. Westmoreland et ux.

December 10, 1968

By JUDGE ALEX H. SANDS, JR.

This is a petition by Conrad W. Westmoreland, one of the named defendants, seeking relief from a confession of judgment entered against him in this Court for the unpaid balance upon a note executed by petitioner to plaintiff.

Defendants, on or about December 14, 1964, executed in favor of plaintiff a promissory note in the amount of $2,205.20 which by its terms, empowered Edward E. Willey, Jr., upon default, to confess judgment for the amount then due. Prior to the entry of the confession of judgment petitioner was adjudicated bankrupt, which fact was known to said Edward E. Willey, who, subsequently and with knowledge that this particular debt had been scheduled as a liability by defendant in the bankruptcy proceeding, confessed judgment for the balance due on the note in accordance with its terms.

It is conceded that plaintiff complied with all statutory requirements relating to the confession of judgment. Due notice was had through posted service (though defendant denies that he received it). Defendant's sole contention is that there was a duty upon attorney Willey before confessing judgment to advise defendant of his right to file a plea of bankruptcy and that having failed to do so that the judgment should be vacated.

In the first place, twenty-one days having elapsed since the entry of the judgment the Court would have

no power, in the absence of fraud, to vacate the judgment. See Rules of Court 2:22 and 3:21. Upon the facts of this case it could hardly be contended that any fraud was present, actual or constructive, so that it is doubtful that the Court could disturb the judgment.

But even were this not the rule and if the Court had the power to inquire into and vacate the judgment at this late date, such action would not be justified in view of the service of notice of the judgment upon defendant prior to the expiration of the twenty-one day period.

Defendant's counsel argues that defendant being illiterate, would not have understood notice even if received. This obviously would constitute no ground for equitable intervention. *See* 11 Mich. Jur., *Judgments and Decrees*, sec. 184, and *Mason* v. *Williams*, 17 Va. (3 Munf.) 126 (1811).

For the above reasons the prayer of the petition must be denied.